# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| **MELISSA R. ENOCH-DEBERRY,** | ) |
| | ) Civil Action No. 3:10-cv-202-RLV-DSC |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **MECKLENBURG COUNTY,** | ) |
| **MECKLENBURG COUNTY HUMAN** | ) |
| **RESOURCES DEPARTMENT,** | ) |
| **MECKLENBURG COUNTY AREA** | ) |
| **MENTAL HEALTH AUTHORITY,** | ) |
| **TRISTEN LORRAINE and TRACY** | ) |
| **KLUCINA,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## STIPULATION AND PROTECTIVE ORDER

Documents and information have been and will be sought, produced or exhibited by and among the parties to the above captioned proceeding, which documents and information relate to employee personnel matters that may be disclosed only under Court order, pursuant to N.C.G.S. § 1115C-321 as well as medical records and tax records containing confidential personal information. The parties have sought such an order so as to be in compliance with this statute.

By consent, **IT IS HEREBY ORDERED THAT**:

1. "Personnel information" is information which concerns or relates to an individual's application, selection or non-selection, promotions, demotions, transfers, leave, salary, suspension, performance evaluations and forms (including observations), disciplinary actions and termination of employment wherever located and in whatever form. This information may be located in, but not limited to, the following documents or materials: (a) personnel files, (b) evaluations, (c) interview files and the information contained therein, and (d) any other similar documents. "Medical records" are those records maintained by physicians or other health care providers or maintained in employment files related to the physical and/or

mental condition of any individual. "Tax records" are records related to an individual's income tax returns.

2. Any such personnel information, medical records or tax records submitted either in response to discovery requests or pursuant to order in this matter, which is asserted by any party to this litigation to contain or constitute confidential personnel information, medical records or tax records, shall be so designated by such party in writing, or orally at a deposition, and shall be segregated from other information being submitted. Such documents shall be clearly and prominently marked on their face with the legend: "CONFIDENTIAL, PROTECTIVE ORDER" or a comparable notice. Such information shall be disclosed at any hearing only to Court personnel, to the parties and to counsel for the parties and their employees.

3. In the absence of written permission from the designating party or an order by the Court, any confidential personnel information, medical records or tax records submitted in accordance with the provisions of paragraph 2, above, shall not be disclosed to any person other than: (i) the Court and the employees thereof; (ii) court reporters and stenographers engaged for the taking of deposition testimony or other discovery in this litigation; (iii) the parties and counsel for parties to this lawsuit, including necessary secretarial, paralegal and clerical personnel assisting such counsel; (iv) experts and their staff who are employed for the purposes of this litigation but who are not otherwise employed by, consultants to, or otherwise affiliated with a party; and (v) witnesses who may see their own personnel records. Any confidential personnel information, medical records or tax records shall be used solely for the purposes of this litigation. Parties may use the information to prepare for trial. Nothing in this Order is intended to interfere with an individual's right to examine his or her own personnel file and the right of Mecklenburg County or its designated representatives from examining personnel information to the extent permitted by law.

4. Personnel information, medical records or tax records submitted in accordance with the provisions of paragraph 2 above shall not be made available to any person designated in paragraph 3(iv) unless he or she shall have first read this Order and shall have agreed, in writing: (i) to be bound by the terms thereof; (ii) to not reveal confidential personnel information, medical records or tax records to anyone other than another person designated in paragraph 3; and (iii) to utilize such confidential personnel information, medical records or tax records solely for purposes of this litigation.

5. If the Court orders, or if all parties to the litigation agree, that access to, or dissemination of, information submitted as confidential personnel information, medical records or tax records shall be made to persons not included in paragraph 3 above, such matters shall only be accessible to, or disseminated to, such persons based upon the conditions pertaining to, and obligations arising from this Order, and such persons shall be considered subject to it.

6. Any confidential personnel information, medical records or tax records submitted to the Court in connection with a motion or other proceeding within the purview of this matter shall be submitted under seal pursuant to paragraph 2 above. Any portion of a transcript in connection with this matter containing any confidential personnel information, medical records or tax records submitted pursuant to paragraph 2 shall be bound separately and filed under seal. When any confidential personnel information, medical records or tax records are submitted in accordance with paragraph 2 or are included in an authorized transcript of a deposition or exhibits thereto, arrangements shall be made with the court reporter taking the deposition to bind such confidential portions and separately label them "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER."

7. If a party to this Order who is to be a recipient of any personnel information, medical records or tax records designated as confidential and submitted in accordance with

paragraph 2 disagrees with respect to such a designation, in full or in part, it shall notify the designating party in writing, and they will thereupon confer as to the status of the subject information proffered within the context of this Order. If prior to, or at the time of such a conference, the designating party withdraws its designation of such information as being subject to this Order, but nonetheless submits such information for purposes of this litigation, such party shall express the withdrawal, in writing, and serve such withdrawal upon all parties and the Court. If the recipient and designator are unable to concur upon the status of the subject information submitted as confidential personnel information, medical records or tax records within ten days from the date of notification of such disagreement, any party to this Order may raise the issue of the designation of such status to the Court, which shall consider the issue.

8. If confidential personnel information, medical records or tax records submitted in accordance with paragraph 2 is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to this disclosure to the attention of the opposing counsel and the Court and, without prejudice to other rights and remedies of the other party, make every reasonable effort to prevent further disclosure by it or by the person who was the recipient of such information.

9. Upon final adjudication of this matter, each party and its or her counsel that are subject to this Order shall dispose of all items containing confidential personnel information, medical records or tax records submitted in accordance with paragraph 2 above pursuant to a final order of the Court.

**SO ORDERED**.  Signed: August 16, 2010

David S. Cayer
United States Magistrate Judge

**CONSENTED TO BY:**

        Richard L. Rainey
        NC State Bar No. 14278
        ***Attorney for Defendants***

**OF COUNSEL:**

**WOMBLE CARLYLE SANDRIDGE & RICE,**
*A Professional Limited Liability Company*
3500 One Wachovia Center
301 South College Street
Charlotte, North Carolina  28202-6025
(704) 331-4900

        Melissa R. Enoch-DeBerry
        *Pro Se* Plaintiff
        P.O. Box 44324
        Charlotte, NC  28215